IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.                                            Civil Action No. 5:16CV25
                                                               (STAMP)
SHAWN D. ALLMAN and
BETHANY R. ALLMAN,
his wife,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

### I. Background

This is an action for a declaratory judgment. According to the complaint, the plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), issued an automobile insurance policy to the defendants, Shawn D. Allman and Bethany R. Allman (collectively, "the Allmans"). Allegedly, the policy did not contain underinsured motorist ("UIM") coverage, and the Allmans rejected offers for such coverage. Later, Shawn D. Allman was in an automobile accident. The Allmans then sought claims for UIM coverage for injuries arising from that accident. State Farm denied such claims, arguing that the Allmans repeatedly rejected offers for UIM coverage. As to the action before this Court, State Farm seeks a declaratory judgment, finding that the Allmans' policies do not provide UIM coverage, and that no such coverage is available to the Allmans concerning the automobile accident.

As will be discussed below, the Allmans previously filed suit in the Circuit Court of Marshall County, West Virginia on December 4, 2013. That underlying state court action currently remains pending. The overall procedural history of this case, however, is somewhat complex. To better explain the series of events, this Court will provide the following bulleted-style timeline:

- **April 18, 2013**: Counsel for the Allmans sent a letter to State Farm, wherein they sought UIM coverage benefits.

- **May 10, 2013:** State Farm indicated by letter that it "may not have a duty to pay," and then reserved its rights under the policy.

- **May 21, 2013**: After receiving a letter from counsel for State Farm, counsel for the Allmans asked for more information, including a certified copy of the insurance policy.

- **May 28, 2013**: State Farm indicated to counsel for the Allmans that it was sending copies of the forms reflecting that State Farm rejected the UIM claim.

- **December 4, 2013**: The Allmans then filed suit in the Circuit Court of Marshall County, West Virginia, and shortly thereafter forwarded a courtesy copy of the complaint to State Farm and its claim adjuster.

- **January 4, 2014**: State Farm acknowledged receipt of the courtesy copy of the complaint.

- **January 27, 2014**: Counsel for the Allmans sent a letter to State Farm, wherein they requested additional documentation. State Farm never responded to that letter.

- **October 27, 2014**: Almost a year after being served the state court complaint, State Farm filed a motion to intervene and a counterclaim. West Virginia Code § 33-6-31(d) states that an insurance company has the "right to file pleadings and to take other action allowable by law in the name of the owner, or operator, or both, of the uninsured or underinsured motor vehicle or in its own name." During that span of time, however, State Farm did not file an answer or any other

2

filing, except for the motion to intervene and counterclaim mentioned above.

- **December 3, 2014**: The Allmans responded to State Farm's motion to intervene.

- **February 3, 2015**: The presiding state court judge, Judge Mark A. Karl, conducted a hearing as to the motion to intervene. At the conclusion of that hearing, he directed the parties to submit proposed findings of fact and conclusions of law. Shortly thereafter, Judge Karl retired, and Judge Jeffrey Cramer was appointed.

- **November 6, 2015**: Judge Cramer conducted a hearing on the motion to intervene, reviewed findings of fact, and denied the motion to intervene on **December 9, 2015**.

- **March 3, 2016**: State Farm filed a declaratory judgment action in this Court, which is approximately two years and three months after the state court action began.

- **March 23, 2016**: Judge Cramer vacated his prior order of November 6, 2015, in which he denied State Farm's motion to intervene.

- **April 1, 2016**: Judge Cramer held a hearing, where he advised the parties that Attorney Johnathan Turak, who was listed on the pleadings as one of the Allmans' counsel, currently served as Judge Cramer's judicial campaign treasurer. For that reason, he vacated his prior ruling in which he denied the motion to intervene. After Judge Cramer vacated the prior ruling, State Farm withdrew its motion to intervene and filed a motion for reassignment to Judge David W. Hummel, Jr.

- **May 5, 2016**: The Allmans filed a motion to dismiss in this Court, which will be more thoroughly addressed below.

- **May 19, 2016**: The state court docket (ECF No. 14) indicated that the state court action has since been reassigned to Judge David W. Hummel, Jr.

At issue now is the Allmans' motion to dismiss, which they filed under Rule 12(b)(3) for improper venue. ECF No. 9. In that motion, the Allmans argue that State Farm filed the instant action

3

only after receiving an unfavorable ruling in the state court action. Here, the Allmans are referring to the initial denial of the motion to intervene. The Allmans point to the factors under Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371 (4th Cir. 1994), to argue that the current action should be dismissed while the state court action remains pending. State Farm then filed a response in opposition. ECF No. 10. In that response, State Farm argues that the factors under Nautilus actually weigh in its favor. More specifically, State Farm contends the following: (1) it is not a party to the state court action; (2) neither novel nor complex issues of state law are at play; (3) the issues between the state court action and this action face no significant entanglement; and (4) it has not engaged in procedural fencing. Following State Farm's response, the Allmans filed a reply, wherein they reassert their prior arguments. ECF No. 12. After reviewing the parties' filings, this Court conducted oral argument as to the Allmans' motion to dismiss, at which counsel for both parties presented their arguments. ECF No. 15.

For the reasons discussed below, the Allmans' motion to dismiss (ECF No. 9) is GRANTED.

## II. Applicable Law

Rule 12(b)(3) of the Federal Rules of Civil Procedure permits a defendant to raise "improper venue" in a pre-answer motion. When such defense is raised, a court is allowed to "freely consider

evidence outside the pleadings." Coastal Mechanics Co., Inc. v. Defense Acquisition Program Admin., 79 F. Supp. 3d 606, 609 (E.D. Va. 2015) (citing Silo Point II LLC v. Suffolk Const. Co., Inc., 578 F. Supp. 2d 807, 809 (D. Md. 2008)). Under Rule 12(b)(3), "'the pleadings are not accepted as true, as would be required under a Rule 12(b)(6) analysis.'" Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 549 (4th Cir. 2006) (quoting Argueta v. Banco Mexicano, 87 F.3d 320, 324 (9th Cir. 1996)). To establish that venue is correct, the burden rests upon the plaintiff. See Kirk v. State Dept. of Educ., 2008 WL 819632, at *2 (W.D.N.Y. Mar. 25, 2008). "To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). "In determining whether events or omissions are sufficiently substantial to support venue," however, "a court should not focus only on those matters that are in dispute or that directly led to the filing of the action," but "should review the entire sequence of events underlying the claim." Id. (internal citations omitted). Moreover, without an evidentiary hearing, "'the trial court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party."'" The Hipage Co., Inc. v. Access2Go, Inc., 589 F. Supp. 2d 602, 611 (E.D. Va. 2008) (quoting Essex Ins. Co. v. MDRB Corp., 2006 WL 1892411, at *2 (D. Md. 2006)

5

(quoting Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138-39 (9th Cir. 2004)).

### III. Discussion

As indicated above, the primary dispute of the parties concerns whether this Court should exercise jurisdiction in this case. On the one hand, the Allmans argue that the factors set forth under Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371 (4th Cir. 1994), weigh in their favor. On the other hand, State Farm contends that the factors under Nautilus favor its position, and contrary to the Allmans' assertions, it is not engaging in procedural fencing.

The parties do not dispute, however, that district courts generally have discretion to hear declaratory judgment actions. See 28 U.S.C. § 2201(a); Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942). The United States Court of Appeals for the Fourth Circuit has determined that a declaratory judgment action is appropriate "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937); accord Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996). Parties should not use such an action, however, "to try a controversy by piecemeal, or to try particular issues without

settling the entire controversy, or to interfere with an action which has already been instituted." Quarles, 92 F.2d at 325. "The Supreme Court of the United States explained that, when a related state proceeding is underway, a court considering a declaratory judgment action should specifically consider whether the controversy 'can better be settled in the proceeding pending in the state court.'" Poston, 88 F.3d at 257 (quoting Brillhart, 316 U.S. at 495). Thus, although district courts generally have discretion to hear declaratory judgment actions, such exercise of jurisdiction may not always be warranted.

When an insurer files a declaratory judgment action "on coverage issues while the underlying" state court action "against its insured" is pending, the Fourth Circuit provides specific factors for district courts to consider in deciding whether to exercise jurisdiction. Nautilus Ins. Co., 15 F.3d at 376. In Nautilus, the Fourth Circuit set forth the four following factors for district courts to consider: (1) "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts"; (2) "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending"; (3) "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of overlapping issues of fact or law"; and (4)

7

"whether the declaratory judgment action is being used merely as a device for 'procedural fencing'—that is, to provide another forum in a race for res judicata or to achiev[e] a federal hearing in a case otherwise not removable." Nautilus Ins. Co., 15 F.3d at 377 (internal citations and quotations omitted).

In light of the case law and Nautilus factors discussed above, the Allmans' motion to dismiss is GRANTED. First, the State of West Virginia has an interest in deciding the issues raised in this declaratory judgment action. In particular, the parties' dispute involves, among other issues, prior offers for UIM coverage under West Virginia Code § 33-6-31(d). Further, intricate issues that appear to be specific to West Virginia exist in this case. For example, counsel for the Allmans admitted at oral argument that West Virginia law is unclear as to whether notice-defendants, such as State Farm, have an obligation to file a counterclaim, or at least within what time period such parties must do so under the West Virginia Rules of Civil Procedure. Second, this declaratory judgment action can be more efficiently resolved in the pending state court proceeding. Here, the record shows that the underlying state court action has involved significant amounts of hearings, briefings, and conclusions of law made by the state court. This case already has an intricate and developed procedural history that needs no additional procedural delays. Third, the issues in both the state court action and this declaratory judgment action

8

significantly overlap. Proceeding forward with the federal action raises a risk of unnecessary entanglement between this Court and the state court.

Finally, this Court must conclude that given the procedural developments in the state court, the current declaratory judgment action in this Court is being used by State Farm to engage in "procedural fencing." The Fourth Circuit defined "procedural fencing" as seeking entry to "the forum in a race for res judicata or to achiev[e] a federal hearing in a case otherwise not removable." Nautilus, 15 F.3d at 371; see Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1128, 1331 (11th Cir. 2005); see also State Farm Fire & Cas. Co. v. Kirby, 919 F. Supp. 939, 945 (N.D. W. Va. 1996) ("Nautilus seems to suggest that 'procedural fencing' is only evident in situations where 'a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum,' or in situations in which the declaratory action is filed in order to obtain a federal forum in a case that could not otherwise be removed.") (internal citations omitted). The record does seem to demonstrate that State Farm has been engaging in procedural fencing. State Farm's decisions as to how it has proceeded in this case thus far strongly supports a finding that it engaged in procedural fencing. When collectively viewed, the factors under

Nautilus weigh in favor of dismissal. Therefore, the Allmans' motion to dismiss is GRANTED.

## IV. Conclusion

For the reasons set forth above, the motion to dismiss (ECF No. 9) of defendants Shawn D. Allman and Bethany R. Allman is hereby GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 8, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE